OPINION
The defendant-appellant, Lori Ann Rees ("the appellant"), appeals the decision of the Logan County Court of Common Pleas, Domestic Relations Division, designating the plaintiff-appellee, William Craig Rees ("the appellee"), as residential parent and legal custodian of the parties' children. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. The appellant and the appellee were married on October 10, 1990. On November 11, 1990, the appellant gave birth to a daughter, Samantha. On February 1, 1994, the appellant gave birth to her second child, a boy, Hayden.
On August 26, 1999, the appellee filed a complaint seeking a divorce, a division of the marital assets, and to be designated by the court as the residential parent and custodian of the parties' minor children. A temporary order filed on September 30, 1999, established that the parties would share parental and custodial responsibilities of the children during the course of the proceedings.
On December 7, 1999, the appellant filed a motion to terminate the shared parenting plan and to be designated the residential parent and custodian of the children. On December 8, 1999, the appellee filed a motion requesting that the parties adhere to the shared parenting as previously established by the temporary order of the court. In the alternative, the appellee requested that he be designated the residential parent and legal custodian of the children.
On April 28, 2000, the defendant proposed her own shared parenting plan. On May 5, 2000, and May 12, 2000, the trial court held a hearing on the allocation of parental rights, and other matters, in the Logan County Court of Common Pleas.
By judgment entry of July 12, 2000, the parties were divorced. The trial court found that it was not in the best interests of the children to implement a shared parenting plan and designated the appellee as the residential parent and custodian of the children.
The appellant now appeals, asserting the following sole assignment of error for our review.
Assignment of Error
 The trial court erred to the prejudice of defendant-appellant by primarily allocating parental rights and responsibilities to plaintiff-appellee and designating him residential parent of the parties' minor children.
 In her sole assignment of error, the appellant maintains that the trial court abused its discretion by designating the appellee as the residential parent and legal custodian of the children. For the following reasons, we do not agree.
Initially, we note that domestic relations courts have broad discretion in matters relating to the allocation of parental rights and responsibilities. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Appellate courts must accord "the utmost respect" to this discretion.Id. at 74. In Miller, the Supreme Court of Ohio noted that "[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Id., citing Trickey v. Trickey (1952), 158 Ohio St. 9,13. Thus, "the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct."Id., citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
A trial court's decision regarding the allocation of parental rights and responsibilities will not be reversed on appeal absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. An "abuse of discretion" implies an attitude, which is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
We must now review the law applicable to child custody determinations. R.C. 3109.04 governs a trial court's determination and award of custody. In an action to determine an original allocation of parental rights and responsibilities the trial court must consider what is in the best interest of the child. In determining the best interest of the child, the trial court must consider all relevant factors, including, but not limited to, those factors listed in R.C. 3109.04(F)(1). These factors are as follows:
 (a) The wishes of the child's parents regarding his care;
 (b) * * * the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 In the case herein, the trial court stated in its judgment entry of July 12, 2000, that it had considered the factors listed in R.C. 3109.04(F)(1) in determining what is in the best interests of the children. The record indicates that both the appellant and the appellee are loving, caring, responsible parents. Both parents are able to provide adequate nurturing and care for the children. However, in determining the award of custody, the trial court was forced to place great emphasis on R.C. 3109.04(F)(1)(d), which takes into account the children's adjustment to their home, school, and community.
At the hearing, it was established that in November 1999, the appellant moved to Larue, Ohio, to live with her boyfriend.[1] According to the trial court, to designate the appellant the residential parent and legal custodian of the children would require removing the children from their community and extended family. The children also would be placed in a new school system. Upon applying this factor to the present case, the trial court found that the children would not benefit under a shared parenting plan and, thus, the best interest of the children was served by remaining in the care and custody of their father.[2]
The trial court also found persuasive the report of the guardian adlitem which emphasized that appellant's new home in Larue, Ohio, may not be permanent. The guardian ad litem recommended that, in the event a shared parenting plan would not be feasible, the appellee be designated the residential parent and legal custodian of the children. Dr. Malcolm Stokes, a clinical psychologist, also testified at the hearing that it was in the best interest of the children to live in a stable and secure home environment.[3]
For all of the foregoing reasons, we find that it was within the trial court's discretion to find that such a move would not benefit the children. Thus, we cannot say that the trial court abused its discretion by designating the appellee as the residential parent and legal custodian of the children. Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS and BRYANT, JJ., concur.
[1] The record indicates that the appellant's new residence in Larue, Ohio, is approximately a 30-40 minute drive from the former marital residence.
[2] The trial court also found that the children would not benefit under a shared parenting plan.
[3] Although Samantha Rees preferred to live with her mother, her wishes were not dispositive. A child's wishes is merely one factor, in a list of ten factors, that a trial court must consider in determining the best interests of a child.